IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON L. STUEWE,

    Plaintiff,

v.

SEAMAN UNIFIED SCHOOL DISTRICT NO. 345,

    Defendant.

Case No. 21-4079-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Sharon Stuewe brings this suit against her former employer, Defendant Unified School District No. 345, Shawnee County, Kansas ("USD No. 345" or "Defendant") for alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, premised on the non-renewal of her employment for the 2019–2020 school year. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 6) Plaintiff's claims for punitive damages under the ADA and liquidated damages under the ADEA for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In her response, Plaintiff concedes that she is not entitled to punitive damages, and thus the motion is granted in part as unopposed. For the reasons explained below, the Court otherwise denies Defendant's motion to dismiss Plaintiff's claim for liquidated damages.

**I.    Standard**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above

the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3]

## II. Background

For purposes of the pending motion to dismiss, the Court accepts the following well-pleaded factual allegations as true.  USD No. 345 is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131 *et seq*.  Plaintiff began her employment with Defendant in December 2011.  In May 2019, Defendant notified Plaintiff that her employment would not be renewed for the 2019–2020 school year.  Plaintiff seeks to recover punitive damages against Defendant as part of her ADA claim and liquidated damages as part of her ADEA claim.

## III. Discussion

### A. Punitive Damages Under the ADA

Plaintiff concedes that her assertion of a claim of punitive damages against USD No. 345 was in error.[4]  Defendant's motion to dismiss is therefore granted on this issue.

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *See* 42 U.S.C. § 1981a(b).

### B. Liquidated Damages Under the ADEA

Defendant moves to dismiss Plaintiff's claim for liquidated damages under the ADEA. Defendant argues that Plaintiff cannot recover such damages against a school district because liquidated damages are considered punitive in nature and thus cannot be recovered against a governmental entity. This argument is premised on "[t]he general rule today . . . that no punitive damages are allowed [against governmental entities] unless expressly authorized by statute."[5] The ADEA, however, expressly authorizes such an award in the form of liquidated damages.[6]

As Defendant notes, the Tenth Circuit has yet to address this issue. In this district, however, Judge Lungstrum recently rejected a similar argument by the defendant.[7] In *Seymour v. Tonganoxie USD 464*, the court joined the only circuit courts of appeal that have addressed the issue, the Second and Third Circuits, in holding that a plaintiff may recover liquidated damages against a governmental entity under the ADEA.[8] In holding that the ADEA expressly authorizes liquidated damages against municipalities even though such damages are punitive in nature, the Third Circuit explained:

> The ADEA makes it unlawful for an employer "to fail to refuse to hire or to discharge" an individual because of his or her age. 29 U.S.C. § 623(a)(a). Included in the ADEA's definition of employer is "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b). The ADEA could not be more explicit

---

[5] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260 n.21 (1981).

[6] 29 U.S.C. § 626(b) (providing for liquidated damages in cases of "willful violations").

[7] *Seymour v. Tonganoxie USD 464*, No. 20-2282-JWL, 2020 WL 6742791, at *3 (D. Kan. Nov. 17, 2020).

[8] *Id.* (first citing *Cross v. N.Y. City Transit Auth.*, 417 F.3d 241 (2d Cir. 2005); and then citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366 (3d Cir. 2004)). Other Circuit courts have permitted such awards without specifically addressing the issue. *See Ray v. Iuka Special Mun. Separate Sch. Dist.*, 51 F.3d 1246, 1253 (5th Cir. 1995) (upholding liquidated damages award where jury found willful violation); *Lee v. Rapid City Area Sch. Dist. No. 51-4*, 981 F.2d 316, 319–20 (8th Cir. 1992) (remanding for assessment of full liquidated damages award after holding that district court erred in reducing such damages); *Orzel v. City of Wauwatosa Fire Dept.*, 697 F.2d 743, 758–59 (7th Cir. 1983) (upholding liquidated damages award against fire department).

in imposing liability for age discrimination against municipalities. Similarly explicit is the ADEA's contemplation of the imposition of liquidated damages, as it states in pertinent part "[t]hat liquidated damages shall be payable only in cases of willful violations of this chapter." 29 U.S.C. § 626(b). The FLSA provisions incorporated in the ADEA provide for the imposition of liquidated damages "against any employer (including a public agency)," 29 U.S.C. § 216(b), and the statutory definition of a "public agency" includes "State[s] or political subdivision[s] thereof," 29 U.S.C. § 203(x).[9]

The Second Circuit adopted as its own the Third Circuit's analysis.[10]

This Court joins Judge Lungstrum in predicting that if faced with the issue, the Tenth Circuit would follow the reasoned analysis of its sister Circuits and conclude that liquidated damages are available against a governmental entity under the ADEA.[11] Accordingly, the Court denies Defendant's motion on this issue.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant USD No. 345's Motion to Dismiss (Doc. 6) is **granted in part as unopposed** with respect to Plaintiff's claim for punitive damages, and otherwise **denied** with respect to her claim of liquidated damages.

**IT IS SO ORDERED.**

Dated: February 1, 2022

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE

---

[9] *Potence*, 357 F.3d at 373.

[10] *Cross*, 417 F.3d at 255.

[11] *Seymour*, 2020 WL 6742791, at *3; *accord*, *Cadorna v. City & Cnty. of Denver*, No. 04-cv-1067-REB-CBS, 2006 WL 3951874, at *2 (D. Colo. Nov. 27, 2006) (rejecting argument that liquidated damages could not be recovered against municipality where the defendant "presented no cogent argument that would lead [the court] to deviate from the reasoned analyses and reasonable conclusions" of *Potence* and *Cross*), *new trial granted on other grounds by* 245 F.R.D. 490 (D. Colo. 2007).